## MANDEVERS v PEERLESS STOVE & MFG CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2950. Decided Nov 18, 1938

L. P. Henderson, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

## OPINION

By THE COURT

The above-entitled cause is now being determined on defendant-appellee's motion to dismiss plaintiff's appeal on the ground that said appeal was not perfected within the time prescribed by law.

Plaintiff's action was one for personal injuries claimed to have been sustained on May 29, 1935, while riding, with the permission and consent of the defendant, on the driver's seat of a truck belonging to the defendant and being operated by an employee. The claimed act of negligence as set forth in the petition, is quoted in full.

"Plaintiff says that when they had reached a point on the highway approximately three miles north of Mt. Victory, Ohio, said truck was driven in such a manner by said employee that same skidded off said highway and into a telephone pole throwing this plaintiff violently against the cab and other portions of said truck, fracturing his skull and cutting a deep and dangerous wound over his right eye, etc."

The allegations of the petition leave no other inference than that plaintiff was riding in the truck as a guest. Under the provisions of §6308-6, GC, a person responsible for the operation of a motor vehicle is not liable for damages arising from injuries to a guest while being transported without payment therefor, unless such injuries or death are caused by the wilful and wanton misconduct of such operator, owner or person responsible for the operation.

The petition is defective in that it does not allege wilful or wanton misconduct on the part of the operator. Such allegations are essential in order to state a cause of action. Thomas, appellee v Foody, appellant, 54 Oh Ap 423, 2d syllabus.

The petition was not attacked by demurrer.

An answer was filed and thereafter the case proceeded to trial. A jury was impaneled, following which counsel for plaintiff made his trial statement. Counsel for defendant then interposed oral motion requesting the court to arrest the case from the jury and render judgment in favor of the defendant upon the pleadings and opening statement of counsel.

Counsel for plaintiff in his trial statement, which appears in the bill of exceptions, indicated that he expected the evidence to prove that the plaintiff, an eighteen

year old boy, was accompanying his father, the driver of the truck, on invitation of the defendant company to take the place of a man which they were compelled to send along. Other statements were made which might lead to the inference that counsel for plaintiff would urge that the boy was an employee. These statements were objected to and the court sustained the objection on the ground that no such case was made under the allegations of the petition.

At this stage of the proceedings the trial court made the inquiry as to whether or not the defendant company was a contributor to the Workmen's Compensation fund of Ohio on the date of the claimed injury. The president and general manager of the defendant company was then sworn and testified that the company employed more than three workmen regularly in its business; that it complied with the Workmen's Compensation Law and was a contributor to the compensation fund on the 29th day of May, 1935.

The trial court sustained the motion to dismiss and apparently based its conclusion on the theory that the petition does not disclose whether or not the plaintiff was basing his claim as an employee or an invited guest; that the trial statement indicated that the status of plaintiff's claim was that of an employee, and as an employee there could be no recovery for the reason that the defendant company, being a contributor to the State Industrial Insurance fund was protected from an action of this character.

However, the entry of dismissal is as follows:

"This cause came on to be heard on the pleadings and the statement of plaintiff's counsel and the motion of defendant for judgment on the pleadings and was argued by counsel.

"In consideration whereof the court finds that said motion is well taken and hereby sustains the same. It is therefore considered and ordered that plaintiff's petition be dismissed and that defendant go hence without day and recover from plaintiff judgment for its costs herein incurred, to which ruling and judgment the plaintiff excepts."

This entry was journalized on March 30, 1938.

On March 1 plaintiff filed motion for new trial, which motion was overruled July 9, 1938. Plaintiff filed notice of appeal on July 9, 1938. In due time transcript of docket and journal entries, together with bill of exceptions, were filed in the Common Pleas Court.

Defendant-appellee's motion to dismiss the appeal is predicated upon the ground that the only final order from which an appeal could have been taken was the judgment dated March 30, 1938, and the notice of appeal not having been filed until July 9, was not in time.

It is urged by counsel for appellee, that motion for new trial was not proper, authorized or effective and therefore did not extend the time for filing notice of appeal. The case of **State ex v Welsh, 133 Oh St 244,** is cited in support of this claim. We have made a very thorough examination of this case and find it pertinent and determinative in support of the motion to dismiss the appeal.

Plaintiff's petition does not state a cause of action. The trial statement can not enlarge the allegations of the petition. Had plaintiff desired to base his cause of action either upon the ground of want-on or wilful misconduct or as an employee, he should have sought and obtained permission to amend his pleading.

We doubt the propriety of the trial court's inviting the presentation of proof on the part of the defendant that it had complied with the Workmen's Compensation Law and was a contributor. However, this is harmless error since the petition does not state a cause of action.

On the authority of the case of **State ex v Welsh, 133 Oh St 244,** the motion to dismiss the appeal will be sustained.

Counsel for appellee in their briefs set out a further ground why the appeal should be dismissed as follows:

"Appellant failed to file briefs within the time prescribed by the rules of our court."

Counsel for appellant, in answer to this claim, urge that this entire matter is submitted on the record and no brief should be required.

This identical argument was presented to us some years ago in the Miami County case. We held then and respect now that a judgment of any trial court complained of by the losing party demands a brief wherein should be pointed out to us affirmatively where it is claimed prejudicial error appears.

Entry may be drawn in accordance with this opinion.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.